IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


RAPHEL JEROME CHERRY                                              PETITIONER


vs.                    Civil Case No. 5:07CV00025 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

Raphel Jerome Cherry, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254. On August 25, 1999, a jury convicted Petitioner of first degree murder. Respondent has filed a Motion to Dismiss on the grounds that the petition is untimely and the issues are procedurally barred. After Petitioner's first trial, the trial court granted his motion for a new trial because of juror misconduct. The State appealed, and the Arkansas Supreme Court affirmed. <u>State v. Cherry</u>, 341 Ark. 924 (2000). The State retried Petitioner on January 25, 2001, and a jury convicted him again of first degree

murder and sentenced him to 360 months imprisonment.  The Arkansas Supreme Court affirmed his conviction.  <u>Cherry v. State</u>, 347 Ark. 606 (2002).  Petitioner filed a motion for post-conviction relief on May 15, 2002, which the trial court denied on January 14, 2003 (Respondent's Exhibit E).  He did not appeal that order.

In the present proceedings, Petitioner contends he was denied his right under the Sixth and Fourteenth Amendments to the effective assistance of counsel in that his trial counsel failed to

> (1)  raise a federal constitutional speedy trial claim in state court and

> (2)  take the steps necessary to obtain a continuance of trial in order to obtain the services of a pathologist to rebut the findings of the State's pathologist regarding the actual, proximate cause of the victim's death.

For the purposes of these proceedings, Respondent admits Petitioner is currently in his custody pursuant to his conviction and that he has no non-futile state remedies available to him.  As stated above, however, Respondent contends the petition should be dismissed because it is untimely and the grounds raised are procedurally barred.

I.

Section 2244(d)(1) of 28 U.S.C. establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254.  The relevant triggering date in the present case

3

is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The term "direct review" refers to the direct appeal process and includes review by the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  Under United States Supreme Court Rule 13.1, a defendant has 90 days from the entry of judgment by a state court of last resort to file a petition for a writ of certiorari.  The Arkansas Supreme Court affirmed Petitioner's conviction on February 14, 2002.  The ninety days for seeking certiorari expired on May 14, 2002, and Petitioner had until May 14, 2003, to file his federal habeas petition.

Section 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The trial court denied Petitioner's Rule 37 petition on January 14, 2003.  Even if this court were to find that the limitations period should be tolled until the end of the eighteen-month period for filing a motion for a belated appeal of that ruling, see Lewis v. Norris, 454 F.3d 778, 781 (8th Cir. 2006)(court declines to decide question of whether this period should be excluded from the limitations period), the present

petition would be untimely because Petitioner did not file it until 2007.

Petitioner contends he is entitled to equitable tolling of the limitations period because neither he nor his attorney was informed when the trial court denied his petition.  Respondent contends Petitioner did not diligently pursue his post-conviction motion. As stated above, Petitioner filed his Rule 37 motion on May 15, 2002, and the trial court denied it on January 14, 2003.  Petitioner has submitted a copy of a letter from his attorney to the post-conviction court dated September 19, 2002, in which counsel asks the court to put his case on the "back burner" while he attempted to raise money to hire an expert (Petitioner's Exhibit D).  Petitioner has also submitted an affidavit from counsel, stating he telephoned the judge's office in "late 2002" and "[i]t was stated to [counsel] that the case would be placed on the "back burner."  Counsel avers he spoke to chambers staff once in late 2003 and again in early 2005, and he was "left with the firm impression" that Petitioner's motion was still pending at that time.  It was not until October of 2006 when counsel checked the official file and determined an order had been entered denying the motion.  Petitioner's Exhibit E. Petitioner has also submitted a letter dated March 1, 2004, to the trial judge inquiring about his motion.

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has

5

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace DiGuglielmo</u>, 344 U.S. 408, 418. "[E]quitable tolling is appropriate only in rare cases," <u>Von Eye v. U.S.</u>, 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" <u>Miller v. New Jersey State Dep't. Of Corrections</u>, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

<u>Id.</u> at 618-19 (citations omitted).

Here, Petitioner's counsel does not explain what the judge's employee said that gave him the "firm impression" that the motion was still pending in late 2003 and early 2005. In any event, Petitioner is not entitled to equitable tolling merely because counsel mistakenly relied on representations from the judge's office rather than checking the official record, which is a public document. Although egregious attorney misconduct may entitle a petitioner to equitable tolling, <u>U.S. v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir. 2005), ineffective assistance of counsel due to an attorney's negligence or mistake generally does not excuse an untimely filing. <u>Beery v. Ault</u>, 312 F.3d 948, 951 (8th Cir. 2002). Even if Petitioner were entitled to the effective assistance of counsel during post-conviction proceedings, which he is not, <u>Foster v. Delo</u>, 39 F.3d 873, 877 (8th Cir. 1994), the circumstances here

are not so egregious as to make this one of the "rare cases" in which equitable tolling may be invoked because of counsel's ineffectiveness.   Thus, I find the petition is untimely, and that Respondent's Motion to Dismiss should be granted on this basis.   In light of this finding, there is no need to address Respondent's other arguments.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss be, and it is hereby, granted.   The petition is dismissed with prejudice and the relief prayed for is denied.

SO ORDERED this 20th day of August, 2007.

_Henry L. Jones, Jr._
United States Magistrate Judge